Name _Michael B. Clayton_

Address _400 E. Orange St_

_Santa Maria, CA 93454_

Telephone _805 928-5353_    (FAX) _805 928-5221_

Email Address _____

☒ Attorney for Debtor

State Bar No. _151678_

☐ Debtor in Pro Se    (Any reference to the singular shall include the plural in the case of joint debtors.)

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA ||
|---|---|
| List all names (including trade names) used by the debtor within the last 8 years:<br><br>William R. Murray<br>Bill R. Murray<br><br>Jerrie L. Murray<br>Jennie L. Murray | Chapter 13 Case No.: _9:12-bk-10671-RR_<br><br>Amended<br>**CHAPTER 13 PLAN**<br><br>CREDITORS' MEETING:<br>Date: _03/14/125_<br>Time: _10:00 a.m._<br>Place: _128 E. Carrillo St., Santa Barbara, CA 93101_<br>CONFIRMATION HEARING:<br>Date: _05/18/12_<br>Time: _10:00 a.m._<br>Place: _1415 State St, Crtrm 201, Santa Barbara, CA 93101_ |

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. §1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

Chapter 13 Plan (Rev. 12/09) - Page 2                                           2009 USBC, Central District of California

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

## I. PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE

The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

A. Payments by Debtor of $__751.00__ per month for __60__ months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B. The base plan amount is $__45,035.33__ which is estimated to pay __0.00__% of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C. Amounts necessary for the payment of post petition claims allowed under 11 U.S.C. §1305.

D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| NONE | | | |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E. Other property: __NONE__
(specify property or indicate none)

## II. ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:

Except as otherwise provided in the Plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

1. If there are Domestic Support Obligations, the order of priority shall be:

    (a). Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

    (b). Administrative expenses (Class 1(a)) in an amount not exceeding _____ % of each Plan Payment until paid in full;

2. If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses ( Class 1(a)) in an amount not exceeding __100__ % of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

### CLASS 1
### ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| **a. Administrative Expenses** | | | | | |
| (1) Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) Attorney's Fees | $0.00 | | $0.00 | 12 | $0.00 |
| (3) Chapter 7 Trustee's Fees (Specify Trustee Name) NONE | | | | | |
| (4) Other | | | | | |
| Department of Finance Tax | $120.14 | | $2.00 | 60 | $120.00 |
| Frank L. Freitas | $2,417.15 | | $40.29 | 60 | $2,417.40 |
| State Board of Equalization | $9,647.73 | | $160.80 | 60 | $9,648.00 |
| **b. Other Priority Claims** | | | | | |
| (1) Internal Revenue Service | NONE | | | | |
| (2) Franchise Tax Board | NONE | | | | |
| (3) Domestic Support Obligation | NONE | | | | |
| (4) Other NONE | | | | | |
| **c. Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name):** | | | | | |
| NONE | | | | | |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                                                        F 3015-1.1

Chapter 13 Plan (Rev. 12/09) - Page 4                                    2009 USBC, Central District of California

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1. ☐ The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☒ The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

__GMAC Mortgage__                                    __7435102165__
(name of creditor)                              (last 4 digits of account number)

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

| Name of Creditor | Last Four Digits of Account Number | Cure of Default ||||| 
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| GMAC Mortgage | 7435102165 | $28,346.13 | 0.00% | $472.44 | 60 | $28,346.40 |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| NONE | | | | | | | |

Main Document    Page 5 of 16

Chapter 13 Plan (Rev. 12/09) - Page 5                                                    2009 USBC, Central District of California

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_NONE_

(name of creditor)                                          (last 4 digits of account number)

The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| NONE | | | | | | |

## CLASS 5
### NON-PRIORITY UNSECURED CLAIMS

The Debtor estimates that non-priority unsecured claims total the sum of $ _307,272.22_ .

Class 5 claims will be paid as follows:

(Check one box only.)
☒ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐ Class 5 claims will be divided into subclasses as shown on the attached exhibit (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

### III. COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ _0.00_ which is estimated to pay _0.00_ % of the scheduled nonpriority unsecured debt.

## IV. PLAN ANALYSIS

| | |
|---|---:|
| CLASS 1a | $12,185.40 |
| CLASS 1b | $0.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $28,346.40 |
| CLASS 3 | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5 | $0.00 |
| SUB-TOTAL | $40,531.80 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $4,503.53 |
| TOTAL PAYMENT | $45,035.33 |

## V. OTHER PROVISIONS

A. The Debtor rejects the following executory contracts and unexpired leases.

   *NONE*

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):

   *NONE*

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:

   *NONE*

D. The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)

   *NONE*

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions: (Use Attachment, if necessary)

*Addendum to Chapter 13 Plan (F 3015-1.1A) is attached.*
*William Murray and Jerry Murray: Debtor(s) intend to avoid lien.*
*Specialized Loan Servicing, Loan: Debtor(s) intend to avoid lien.*
*Specialized Loan Servicing, Loan: Debtor(s) intent to avoid lien undter 506a. Second Deed of Trust secured by principle residence is subject to being stripped pursuant to an adversary proceeding that will be filed by debtor(s).*

*Addendum to Chapter 13 Plan (F 3015-1.1A) is attached*

G. The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H. The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated:  5/16/12

_____
Attorney for Debtor

_____
Debtor

_____
Joint debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised December 2009                                                                                              F 3015-1.1

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>*Michael B. Clayton*<br><br>*400 E. Orange St   Santa Maria, CA 93454*<br><br><br>Phone: *805 928-5353*<br>Fax:   *805 928-5221*<br>Bar #:  *151678*<br>☐ Attorney for Debtor(s)<br>☒ Debtor(s) appearing without an attorney | FOR COURT USE ONLY |
|---|---|

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA *NORTHERN*           DIVISION

| In re *William R. Murray*<br>   Aka: *Bill R. Murray*<br>and<br>*Jerrie L. Murray*<br>   Aka: *Jennie L. Murray*<br><br><br>Debtor(s). | CASE NO. *9:12-bk-10671-RR*<br>CHAPTER 13<br>**ADDENDUM TO CHAPTER 13 PLAN CONCERNING DEBTORS WHO AREREPAYING DEBTSECURED BY A MORTGAGE ON REAL PROPERTY OR A LIEN ON PERSONAL PROPERTY THE DEBTOR OCCUPIES AS THE DEBTOR'S PRINCIPAL RESIDENCE** |
|---|---|

(A)   Scope: Consumer Debts Secured by a Mortgage on Real Property, or Secured by Manufactured Housing that the Debtor Occupies as the Debtor's Principle Residence

(1)   For purposes of this Addendum, which is incorporated into the debtor's chapter 13 plan (the "Plan"), the term "Mortgage Creditor" includes all creditors whose claims represent consumer debts secured in whole or in part by a security interest in real property or manufactured housing, which real property or manufactured housing constitutes the debtor's principle residence. The provisions of this Addendum are effective until the earlier of: (a) dismissal of the case; (b) the closing of the case; (c) entry of an order granting the debtor a discharge; and (d) entry of an order terminating

the automatic stay under 11 U.S.C. § 362(d) as the stay applies to the Mortgage Creditor.

(2)   Except as provided in paragraphs (3) and (4) below, if the Mortgage Creditor provided monthly statements to the debtor pre-petition, the Mortgage Creditor must provide monthly statements to the debtor. The monthly statements must contain at least the following information concerning post-petition mortgage payments to be made outside the Plan:

    (a)    The date of the statement and the date the next payment is due;

    (b)    The amount of the current monthly payment;

    (c)    The portion of the payment attributable to escrow, if any;

    (d)    The post-petition amount past due, if any, and from what date;

    (e)    Any outstanding post-petition late charges;

    (f)    The amount and date of receipt of all payments received since the date of the last statement;

    (g)    A telephone number and contact information that the debtor or the debtor's attorney may use to obtain reasonably prompt information regarding the loan and recent transactions; and

    (h)    The proper payment address.

(3) No monthly statement will be required in this case where post-petition mortgage payments are to be made to the chapter 13 trustee through the Plan, unless the amount of the monthly payment is scheduled to change (because of adjustable interest rate, charges paid by the Mortgage Creditor for taxes, insurance, attorney's fees or any other expenses or fees charged or incurred by the Mortgage Creditor, such as property inspection fees, servicing fees or appraisal fees). If a Mortgage Creditor does send a monthly statement to the debtor or the chapter 13 trustee and the statement complies with subsection (B)(2) below, the Mortgage Creditor is entitled to the protections set out in such subsection.

(4) If, pre-petition, the Mortgage Creditor provided the debtor with "coupon books" or some other pre- printed, bundled evidence of payments due, the Mortgage Creditor is not required to provide monthly statements under subsection (2) of this section. However, the Mortgage Creditor must supply the debtor with additional coupon books as needed or requested in writing by the debtor. If a Mortgage Creditor does send a monthly statement to the debtor or the chapter 13 trustee and the statement complies with subsection (B)(2) below, the Mortgage Creditor is entitled to the protections set out in such subsection.

(5) The Mortgage Creditor must provide the following information to the debtor upon the reasonable written request of the debtor:

    (a)    The principle balance of the loan;

    (b)    The original maturity date;

    (c)    The current interest rate;

    (d)    The current escrow balance, if any;

    (e)    The interest paid year to date; and

    (f)    The property taxes paid year to date, if any.

(6) The Mortgage Creditor must provide the following information to the debtor, the debtor's attorney and, when the debtor is making ongoing mortgage or arrearage payments through the chapter 13 trustee, the chapter 13 trustee, at least quarterly, and upon reasonable written request of the debtor or the chapter 13 trustee: (a) any other amounts due or proposed change in payments arising from an adjustable interest rate, charges paid by the Mortgage Creditor for taxes, insurance, attorney's fees or any other expenses or fees charged or incurred by the Mortgage Creditor, such as property inspection fees, servicing fees or appraisal fees; (b) the nature of the expense or charge; and (c) the date of the payment.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2011    Page 2    F 3015-1.1ADDENDUM

(B) **Form of Communication; Modification of the Automatic Stay; and Motions for Order to Show Cause**

  (1) For the purposes of this Addendum, Mortgage Creditors will be considered to have sent the requisite documents or monthly statements to the debtor or the debtor's attorney, as applicable, when the Mortgage Creditor has placed the required document in any form of communication, which in the usual course would result in the debtor and the debtor's attorney receiving the document, to the address that the debtor and the debtor's attorney last provided to the Court. The form of communication may include, but is not limited to, electronic communication, United States Postal Service or use of a similar commercial communications carrier.

  (2) To the extent that the automatic stay arising in this case would otherwise prohibit such conduct, the automatic stay is modified as follows: Mortgage Creditors who provide account information or monthly statements under subsections (A)(1-6) above will not be found to have violated the automatic stay by doing so, and Mortgage Creditors may contact the debtor about the status of insurance coverage on property that is collateral for the Mortgage Creditor's claim, may respond to inquiries and requests for information about the account from the debtor and may send the debtor statements, payment coupons or other correspondence that the Mortgage Creditor sends to its non-debtor customers, without violating the automatic stay. <u>In order for communication to be protected under this provision, the communication must indicate it is provided for information purposes and does not constitute demand for payment.</u>

  (3) As a result of a Mortgage Creditor's alleged non-compliance with this Addendum, the debtor may file a Motion for Order to Show Cause in compliance with Local Bankruptcy Rule 9020-1 no earlier than sixty days after the Mortgage Creditor's failure to comply with sections (A) or (B). Before filing the motion, the debtor must make good faith attempts in writing to contact the Mortgage Creditor and to determine the cause of any non-compliance, and must state in the Motion for Order to Show Cause the good faith steps taken, together with a summary description of any response provided by the Mortgage Creditor.

  (4) If a Mortgage Creditor's regular billing system can provide a statement to the debtor that substantially complies with this Addendum, but does not fully conform to all of its requirements, the Mortgage Creditor may request that the debtor accept such statement. If the debtor declines to accept the non-conforming statement, a Mortgage Creditor may file a motion, on notice to the debtor, the debtor's attorney and the chapter 13 trustee, seeking a declaration of the Court that cause exists to allow such non-conforming statements to satisfy the Mortgage Creditor's obligations under this Addendum. For good cause shown, the Court may grant a waiver for purposes of this case and for either a limited or unlimited period of time.

(C) **Communication in Furtherance of Loan Modifications and Workouts**

  The Mortgage Creditor, its successors in interest, its servicer, its beneficiary(ies) and/or its and their attorneys (collectively, the "Authorized Parties") are authorized to establish contact and otherwise communicate with the debtor or debtor's attorney as applicable, regarding the debtor's loan for the purpose of providing loss mitigation information and engaging in loss mitigation, including loan modifications and loan workouts, in connection with the debtor's loan. This authorization is valid notwithstanding the existence of the automatic stay provisions of 11 U.S.C. section 362(a), and the Authorized Parties shall not be held liable for violations of the stay for communication in furtherance of that purpose during the pendency of the debtor's chapter 13 case.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2011                                    Page 3                                    F 3015-1.1ADDENDUM

# Instructions for Attaching

## Addendum to Chapter 13 Plan Concerning Debtors who are Repaying Debt Secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence

This optional addendum concerns chapter 13 debtors who are repaying debt secured by a mortgage on real property or a lien on personal property the debtor occupies as the debtor's principal residence.

A chapter 13 debtor may attach this addendum to his/her chapter 13 plan. This is a court-approved form and may not be altered, except for interlineations clearly marked on the court-approved form which are subject to the Court's review and approval upon consideration of the plan for confirmation. When attaching this form to the chapter 13 plan form (F 3015-1.1), the debtor must state in section V.F. (Page 6) of the chapter 13 plan form that the "Addendum to Chapter 13 Plan (F 3015-1.1ADDENDUM) is attached."

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2011     Page 4     F 3015-1.1ADDENDUM

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

400 E. Orange Street, Santa Maria, CA 93454

A true and correct copy of the foregoing document described as ADDENDUM TO CHAPTER 13 PLAN CONCERNING *Amended Chapter 13 Plan* DEBTORS WHO ARE REPAYING DEBT SECURED BY A MORTGAGE ON REAL PROPERTY OR LIEN ON PERSONAL PROPERTY THE DEBTOR OCCUPIES AS THE DEBTOR'S PRINCIPAL RESIDENCE will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL OR OVERNIGHT MAIL**(state method for each person or entity served):
05/16/2012 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL**(state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 05/16/2012    Signature: _/s/_

Printed Name: Noemy Bautista

```
William R. Murray              Action Professionals, Inc      Arroyo Grande Community Hosp.
Jerrie L. Murray               PO BOX 2600                    722 E. Main Street
PO BOX 1640                    Paso Robles, CA   93447        Ste 201
Pismo Beach, CA   93448                                       Santa Maria, CA   93456


Michael B. Clayton             Action Professionals, Inc.    Arroyo Grande Community Hospit
400 E. Orange St               PO BOX 2600                    722 E. Main St
Santa Maria, CA   93454        Paso Robles, CA   93447        Ste 201
                                                              Santa Maria, CA   93456


Ch. 13 Trustee, Elizabeth Roja Allied Interstate              Arroyo Grande Community Hospti
15060  Ventura Blvd.           PO BOX 60024                   File #79375
Ste 240                        City of Industry, CA   91716   Los Angeles, CA   90074
Sherman Oaks, CA   91403


Executive Trustee Services LLC Allied Interstate              Asset Acceptance, LLC
2255 North Ontario Street      PO BOX 361774                  PO BOX 2036
Ste 400                        Columbus, OH   43236           Warren, MI   48090-2023
Burbank, CA   91504


GMAC Mortgage                  American Epress - Blue         AT&T Mobility
3451 Hammond Avenue            PO BOX 981540                  PO BOX 6463
Waterloo, IA   50702           El Paso, TX   79998            Carol Stream, IL   60197


Specialized Loan Services      American Express - Green       AWA Collections
8742 Lucent Blvd. Ste 300      PO BOX 981540                  PO BOX 6605
Littleton, CO   80129          El Paso, TX   79998            Orange, CA   92863


United States Trustee          Appliance Central Cabinets     Bank Of America
21051 Warner Center Lane       235 Tank Farm Rd               Po Box 1598
Ste 115                        San Luis Obispo, CA   93401    Norfolk, VA   23501
Woodland Hills, CA   91367


Action Professionals           ARM                            Beneficial
591 12th Street                PO BOX 129                     PO BOX 60101
Paso Robles, CA   93446        Thorofare, NJ   08086-0129     City of Industry, CA   91716-01


Action Professionals           Arroyo Grande Community Hosp   Beth Agron
591 12th St                    File #749375                   528 Via Vaquero
Paso Robles, CA   93446        Los Angeles, CA   90074        Arroyo Grande, CA   93420


Action Professionals Credit Bu Arroyo Grande Community Hosp   Bottom Line Books
591 12th Street                PO BOX 6010                    PO BOX 361014
Paso Robles, CA   93446        Arroyo Grande, CA   93421      Des Moines, IA   50336
```

Cap One
Po Box 85520
Richmond, VA  23285

Coastal Anesthesiology
PO BOX 6406
Santa Maria, CA  93456

Firsource Advantage LLC
PO BOX 628
Buffalo, NY  14240

Capital Management Services
726 Exchange Street Ste 700
Buffalo, NY  14210

Coll Connect
6450 Bellingham Ave
North Hollywood, CA  91606

First Data
1307 Walt Whitman Rd.
Melville, NY  11747

Captial One Bank
PO BOX 71083
Charlotte, NC  28272

Collection Service/Nev
777 Forest St
Reno, NV  89509

Five Cities Medical Imaging
PO BOX 8100
Atascadero, CA  93423

CB of San Luis Obispo
1666 Ramona Avenue
Grover Beach, CA  93433

Credit Collection Services
Two Wells Avenue
Dept 9135
Newton Center, MA  02459

Franchise Tax Board
PO BOX 942867
Sacramento, CA  94267

CBC
PO BOX 273
Monroe, WI  53566

Department of Finance Tax
700 H Street,
Rm 1710
Sacramento, CA  95814

Frank L. Freitas
1055 Monterey Street
Rm D-290
San Luis Obispo, CA  93408

CCPC Clinical Lab
PO BOX 8139
San Luis Obispo, CA  93403

Direct Merchant Bank/HSBC Bank
PO BOX 60136
City of Industry, CA  91716

French Hospital Medical Center
File #74937
Los Angeles, CA  90074

Central Coast Pathology
PO BOX 8139
San Luis Obispo, CA  93403

Dura Medic
PO BOX 2728
Austin, TX  78768

French Hospital Medical Center
722 E. main Street
Ste 201
Santa Maria, CA  93456

Central Credit Servcies
PO BOX 15118
Jacksonville, FL  32239

ER Solutions, Inc
PO BOX 9004
Renton, WA  98057

French Hospital Medical Center
722 E. Main Street
Ste 201
Santa Maria, CA  934546

Central Finl Control
PO BOX 66051
Anaheim, CA  92816

Exempla-Lutheran Hospital
Dept 9107
Denver, CO  80281

Full Circle Financial Service
PO BOX 5629

Chase Receivables
1247 Broadway
Sonoma, CA  95476

FC&A Publishing
PO BOX 2062
Peachtree City, GA  30269

Ginny's
1112 7th Avenue
Monroe, WI  53566-1364

Grant & Weber
26575 West Agoura Rd.
Calabasas, CA   91302

Masseys
PO BOX 2822
Monroe, WI   53566-8022

Physical Therapy Specialists
2 James Way Ste 214
Pismo Beach, CA   93449

Halcyon Laser & Surgery Center
303 South halcyon Rd.
Arroyo Grande, CA   93420

Med Stop Urgent Care Center
PO BOX 96365
Oklahoma City, OK   73143

Portfolio Recovery Assoicates
Dept 6541
PO BOX 1259
Oaks, PA   19456

HSBC Card
PO BOX 60102
City of Industry, CA   91716

Medico Dental Adjustment Burea
1250 Peach Street
Ste C
San Luis Obispo, CA   93406

Portfolio Recvry&Affil
120 Corporate Blvd
Ste 1
Norfolk, VA   23502

Humana
PO BOX 14601
Lexington, KY   40512

Mervyns
PO BOX 960013
Orlando, FL   32896

Professional Collection
PO BOX 45274
Los Angeles, CA   90045

Law Offices of Mitchell N. Kay
PO BOX 9006
Smithtown, NY   11787

Midland Credit Mgmt In
8875 Aero Dr
San Diego, CA   92123

Professional Collection Cons
PO BOX 45274
Los Angeles, CA   90045

Liberty Medical Supply
PO BOX 404991
Atlanta, GA   30384

Nick L. Gunasayan, DPM
35 Casa St #320
San Luis Obispo, CA   93405

Pueblo Radiology Medical Goup
PO BOX 2265
Indianapolis, IN   46206

Limberg Eye Surgery, Inc
310 South Halcyon Rd.
Ste 102
Arroyo Grande, CA   93420

Northland Group Inc
PO BOX 390846
Minneapolis, MN   55439

R.M.S. Collection Notice
PO BOX 523
Richfield, OH   44286

Lowes
PO BOX 2510
Tuscaloosa, AL   35403

Northland Group Inc
PO BOX 390905
MAIL CODE CBK3
Minneapolis, MN   55439

Radio Accounting Service
3312 W. Peterson
Chicago, IL   60659

LVNV Funding LLC
PO BOX 740281
Houston, TX   77274

Office Dept Credit
PO BOX 689020
Des Moines, IA   50368

Rauch-Milliken International
PO BOX 8390
Metairie, LA   70011

Direct Merchant Bank
PO BOX 60136
City of Industry, CA   91716

PG&E
P O BOX 770000
San Francisco, CA   94177

Readers Digest
PO BOX 80010
Prescott, AZ   86304-8010

Redline Recovery
11675 Rainwater Drive
Ste 350
Alpharetta, GA  30009

Synter Resource Group LLC
PO BOX 63247
North Charleston, SC  29419

UCSF
PO BOX 7813
San Francisco, CA  94120-7813

Reid L. Steinfeld
26575 W. Agoura Rd.
Calabasas, CA  91302

Target Nb
Mail Stop 2bd  P O Box 9475
Minneapolis, MN  55440-9475

Ventana Health and Medical Cen
PO BOX 1410
Pismo Beach, CA  93448

Richetti Complete Water Soluti
147 Brisco Rd.
Arroyo Grande, CA  93420

Tate & Kirlin Associates
2810 Southampton Rd.
Philadelphia, PA  19154

Yellowbook
PO BOX 660062
Dallas, TX  75266

Richmond North Ass
PO BOX 963
Buffalo, NY  14226

Tenet Sierra Vista Regional
BOX 830913
Birmingham, AL  35283

RODALE
PO BOX 6001
Emmaus, PA  18098

Texas Workforce Commission
101 E. 15th Street
Austin, TX  78778

San Luis Obispo Co. Superior
1035 Palm Street
Rm 385
San Luis Obispo, CA  93408

The Credit Bureau
1666 Ramna Avenue
Grover Beach, CA  93483

SKO Brenner American
PO BOX 9320
Baldwin, NY  11510

The Credit Bureau
1666 Ramona Avenue
Grover Beach, CA  93483

Southwest Credit Systems
4120 International Pkwy
Ste 1100
Carrollton, TX  75007

The Credit Bureau
1666 Ramona Ave.
Grover Beach, CA  93483

State Board of Equalization
111 East Navajo Drive Ste 100
Salinas, CA  93906

The Credit Bureau
PO BOX 480
Grover Beach, CA  93483

Superior Court of California
214 So. 16th Street
San Luis Obispo, CA  93408

Transworld Systems
PO BOX 1864
Santa Rosa, CA  95402